UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:13-CV-14-FDW-DSC

| | |
|---|---|
| CASEY ELLISON GIBBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 12); Defendant Commissioner's Motion for Summary Judgment (Doc. No. 14); and Magistrate Judge Cayer's Memorandum and Recommendation ("M&R") (Doc. No. 16) that recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M&R (Doc. No. 17), Defendant filed a response to Plaintiff's Objections (Doc. No. 18), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Likewise, Plaintiff does not specifically object to the ALJ findings of fact regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

1

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09-cv-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; see also Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne, 2011 WL 1239800 at *2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

In this case, the M&R recommended that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled." (Doc. 16 at 14).

The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Objections to an M&R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient – 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. See Jackson v. Astrue, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich.2004). "Examining anew arguments already assessed in the M&R would waste judicial resources; parties must explain *why* the M&R is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." Hendrix v. Colvin, No. 5:12-cv-01353, 2013 WL 2407126 at *12 (D.S.C. June 3, 2013). Finally, upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

## III. ANALYSIS

In her brief to this Court, Plaintiff objects to the M&R on three grounds. First, Plaintiff objects to the M&R's recommendation that her treating physician's opinion be afforded "little weight." Second, Plaintiff contends that the M&R's finding that the ALJ did not err in evaluating Plaintiff's credibility and that this determination was supported by substantial evidence was incorrect. Lastly, Plaintiff objects to the M&R's finding that the ALJ's Step 5 finding was not supported by substantial evidence.

Upon careful review of the record, this Court determines that Plaintiff has made the same three general objections to the M&R that the Plaintiff made to the Magistrate in her Memorandum of Law in Support of Motion for Summary Judgment. Compare Doc. No. 13 at 16-25 with Doc. No. 17 at 1-8. These general objections do not alert this Court to any specific error within the M&R. Plaintiff has failed to explain why the M&R is erroneous. Rehashing the same arguments already thoroughly analyzed in the M&R is precisely the waste of resources that courts seek to eliminate. Since Plaintiff merely restates the same arguments already addressed in the M&R, this Court reviews the M&R for clear error. After careful review of the M&R, this Court finds no clear error and accepts the M&R's recommendation that the Commissioner's findings were supported by substantial evidence and that Plaintiff is not disabled.

Presuming without deciding Plaintiff is entitled to de novo review, the court would reach the same conclusion as the M&R. An ALJ need only "'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." Jackson v. Astrue, No. 8:08-2855 2010 U.S. Dist. LEXIS 10308 at *26 (D.S.C. Jan. 19, 2010). Here, the ALJ satisfied this

requirement by applying the correct legal standards and stating that he carefully considered all of the evidence presented in the record thus concluding that Plaintiff was not disabled.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendation of the Magistrate Judge. (Doc. No. 16). Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED; Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Signed: November 14, 2013

Frank D. Whitney
Chief United States District Judge